UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

REIVER ROJAS MALPICA,

Petitioner,

v.

MICHAEL HOLLINSHEAD, Sheriff of Elmore County; JASON KNIGHT, Director, Salt Lake City Field Office, ICE Enforcement and Removal Operations; KENNETH PORTER, Field Office Director ICE Boise Field Sub-Office, DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States, Respondents in their official capacities,

Respondents.

Case No. 1:26-cv-00481-DCN

**ORDER**

Before the Court is Petitioner Malpica's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2).

Malpica is an 18-year-old Venezuelan national who has lived in the United States since his entry without admission in September 2023. Malpica and his mother were briefly detained upon arrival and then released on their own recognizance with conditional parole.

In March of 2026, Malpica was detained in connection with Idaho state court juvenile proceedings. Earlier this month, Malpica pleaded guilty and was released onto

probation. Before he could be released, however, ICE took Malpica into custody. Malpica now contends his continued detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

Having considered the Petition, the Court finds Malpica may be entitled to relief. The Court will, therefore, order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (court may adjust habeas procedures based on "equitable and prudential considerations").

All district judges in the District of Idaho have explained their disagreement with DHS's interpretation of § 1225. The District's collective analysis is consistent with the *majority* of courts throughout the Country.[1]

The Court does not intend to alter its analysis unless or until a *binding* court orders otherwise. Thus, the Court anticipates granting Malpica's Petition and releasing him. However, the Court maintains that justice is best served by allowing the Government an opportunity to respond and explain why this case should result in a different outcome.

Again, however, the Court *does not need* extensive briefing on the interplay between § 1225 and § 1226. It knows the parties' positions. Thus, a statement or summary paragraph on that matter will suffice. The parties should, instead, focus their briefs on the specific facts of *this* case.

---

[1] While there are cases that have reached an opposite conclusion, the Court has explained why it disagrees with those decisions. *See, e.g.*, "Memorandum Decision and Order," Dkt. 11, Case No. 1:26-cv-00190-DCN. In any event, those opposing cases are not binding on this Court.

## ORDER

**IT IS ORDERED that:**

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2) no later than **August 5, 2026**.

2. Petitioner shall have an opportunity to reply no later than **August 7, 2026**.

3. Service of the Petition, Motion for Temporary Restraining Order, and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by August 3, 2026, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorney's Office for the District of Idaho via email at USAID.HabeasPetitions@usdoj.gov. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of the Court.

DATED: July 30, 2026

David C. Nye
U.S. District Court Judge